UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

JERRELL MILLER,

                Petitioner,

     -against-

NEW YORK STATE DIVISION OF PAROLE,
SUPERINTENDENT GARY GREENE,
THE ATTORNEY GENERAL OF THE STATE
OF NEW YORK,

                Respondents.
───────────────────────────────X

**MEMORANDUM AND ORDER**

05-CV-6088 (DLI)

**IRIZARRY, United States District Judge:**

Petitioner, currently incarcerated at Great Meadow Correctional Facility, files this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his parole was improperly revoked in violation of the Due Process Clause of the Constitution of the United States and New York State Law. Pet. ¶ 4. The Court grants petitioner's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismisses the petition for the reasons set forth below.

## BACKGROUND

On July 2, 2002, petitioner began serving a two-year sentence for attempted burglary in the second degree. See New York State Department of Correctional Services' Inmate Information, http://nysdocslookup.docs.state.ny.us ("Petitioner's Inmate Information"). Petitioner alleges that on October 21, 2003, his "maximum expiration date expired on completing a two (2) year determinate sentence from an illegal conviction of second degree attempted burglary." Pet. ¶ 4. Petitioner alleges that he was "involuntarily released in custody of the Board of Parole and was to complete a mandatory three (3) years of Post-Release Supervision." Id.; see Petitioner's Violation of Release Report ("VRR"), attached to Pet. (indicating that petitioner was released to parole supervision on October 21, 2003 with a designated maximum expiration date of October 21, 2006). On December

10, 2003, during a routine visit to the Brooklyn office of his parole officer, petitioner was found to be in possession of a weapon in violation of the conditions of his parole.[1] See VRR. Petitioner alleges that on December 23, 2003, he was "stripped of his freedom by parole authorities." Pet. ¶ 4. Petitioner was reincarcerated on April 20, 2004 with a release date of November 2, 2006. See Petitioner's Inmate Information. Petitioner alleges that his parole was improperly revoked and that his current detention violates the Constitution of the United States and New York State Law. Pet. ¶ 4. Petitioner requests his immediate release from confinement. Id. at 4.

## DISCUSSION

While the petition is brought under § 2241, the Second Circuit Court of Appeals has held that the proper habeas corpus statute to challenge a parole revocation is 28 U.S.C. § 2254, and not 28 U.S.C. § 2241, and that in such a situation the district court is required to convert the petition to one brought under § 2254. Cook v. New York State Div. of Parole, 321 F.3d 274, 275-78, (2d Cir. 2003) ("We agree with the district court that a state prisoner challenging his or her parole revocation must file under section [§ ] 2254 ... [I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead."). However, the Second Circuit has cautioned the district court against converting mislabeled applications in light of the Antiterrorism and Effective Death Penalty Act of 1996 § 106, 28 U.S.C. § 2244, which prohibits second or successive applications for the writ without the Circuit Court's permission. See Adams v. United States, 155 F.3d 582 (2d Cir. 1998) (per curiam). The Second Circuit stated that:

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 [or § 2254] unless (a) the movant, with knowledge of the potential adverse

---

[1] Petitioner previously filed a civil rights complaint in this Court concerning this incident which was dismissed on December 28, 2005. See Miller v. Alvarez, No. 05-CV-5491 (CBA) (E.D.N.Y. Dec. 28, 2005).

2

consequences of such recharacterization, agrees to have the motion recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 [or § 2254] because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

Adams, 155 F.3d at 584; Romer v. Travis, No. 00 Civ. 8671, 2001 WL 220115, at *4 (S.D.N.Y. 2001). To provide petitioner an opportunity to agree to have his petition recharacterized as a motion made under § 2254 or to withdraw such motion is unnecessary, however, as the Court is without jurisdiction to hear petitioner's challenge to his parole revocation under § 2254 for failure to exhaust his state court remedies. Accordingly, the Court dismisses the petition for want of jurisdiction. See, e.g., Adams v. United States, 372 F.3d 132, 136 (2d Cir. 2004) (a district court may recharacterize a § 2241 petition as a second or successive motion under § 2255 and transfer it to the Court of Appeals for certification or, "if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention," dismiss the § 2241 petition for lack of jurisdiction); Oliver v. Craig, No. 9:05CV341 (NAM)(DRH), 2005 WL 1174066, at *3 (N.D.N.Y. Apr. 29, 2005) (petition, characterized by petitioner as a § 2241 motion but actually a § 2255 motion, dismissed without prejudice where it is clear that § 2255 remedy is unavailable to petitioner).

Pursuant to § 2254(b)(1)(A), a petitioner must first exhaust his available state court remedies before filing a habeas petition in federal court. The doctrine of exhaustion applies to habeas petitions challenging parole revocations. See Cook, 321 F.3d at 278. In order to exhaust a parole revocation under New York law, a petitioner must "first file an administrative appeal with the Division of Parole's Appeals Unit, ... [and] [i]f that appeal is denied, he must seek relief in state court pursuant to Article 78." Desire v. New York State Div. of Parole, No. 00 Civ. 5514, 2001 U.S. Dist. LEXIS 13784, at *6 (S.D.N.Y. Aug. 22, 2001) (internal citation omitted). If the Article 78 petition is

denied, the petitioner must appeal that denial to the "highest state court capable of reviewing it." Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003).

The exhaustion requirement may be excused if the petitioner can demonstrate that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii). Petitioner does not allege that he has pursued his claims in state court, and he does not allege either of the grounds for excuse pursuant to 28 U.S.C. §§ 2254(b)(1)(B). Accordingly, the petition must be dismissed. 28 U.S.C. § 2254(b)(1).

## CONCLUSION

Accordingly, the instant petition is denied without prejudice for failure to exhaust state court remedies. To the extent petitioner seeks to be released from custody, he is advised to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 once he has satisfied the exhaustion requirement. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 26, 2006
Brooklyn, New York

DORA L. IRIZARRY
United States District Judge